JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX H

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Dostellio, Sr., Frank J.

**(b)** County of Residence of First Listed Plaintiff __Delaware__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Pennsylvania Game Commission, Neary, Daniel, Former Deputy WCO; David, Darren, Former Deputy WCO; Cosenza, William, Former Deputy WCO.

County of Residence of First Listed __Dauphin__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alan L. Gold & Associates, P.C.
Alan L. Gold, Esquire
1835 Market Street, Suite 515
Philadelphia, PA  19103
(215) 569-1999

Attorneys (If Known)
Office of Attorney General
Theodore E. Lorenz, Deputy Attorney General
21 South 12th Street, 3rd Floor
Philadelphia,  PA  19107
(215) 560-2982

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Notice of Removal 28 U.S.C. § 1446, et. seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  1/7/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Frank J. Dostellio, Sr. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| PA Game Commission, Daniel | : | |
| Neary, Darren David and | : | NO. |
| William Cosenza, III | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 1/7/04 | Theodore E. Lorenz | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** Defendants PA Game Commission |
| (215) 560-2982 | (215) 560-1031 | tlorenz@attorneygeneral.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**                          **APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:    1420 Summit Street, Linwood, PA  19061

Address of Defendant:  2001 Elmerton Avenue, Harrisburg,  PA  17110-4250

Place of Accident, Incident or Transaction:    Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___                    Yes☐  No☐

Does this case involve multidistrict litigation possibilities?                               Yes☐  No☐
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                    Yes☐  No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                                                  Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                                                  Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I,_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____        _____        _____
                                               Attorney-at-Law                                        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/7/11        _____        6775
                                       Attorney-at-Law                                        Attorney I.D.#

CIV. 609  (4/03)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Frank J. Dostellio, Sr. | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PA Game Commission, Daniel Neary, Darren | : | |
| J. David and William P. Cosenza, III | : | |
| Defendants | : | No. |

**NOTICE OF REMOVAL OF CIVIL ACTION**

TO:    THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendants Pennsylvania Game Commission ("PGC"), Daniel Neary, Darren J. David and William P. Cosenza, III (collectively referred to as the "defendants"), by their attorney Theodore E. Lorenz, Deputy Attorney General, hereby give notice to this Court of the removal to it from the Court of Common Pleas of Delaware County, Pennsylvania, of a civil action in which they are presently defendants and in support of thereof state the following:

1.    Pennsylvania Game Commission (PGC), Daniel Neary, Darren J. David and William P. Cosenza, III (collectively referred to as the "defendants") have been named by plaintiff as defendants in a civil action in the Court of Common Pleas of Delaware County, captioned <u>Frank J. Dostiellio, Sr., v Pennsylvania Game Commission v. Daniel Neary, et al.,</u> 03-10991.

2. Plaintiff commenced this action by filing a Praecipe to Issue a Writ of Summons, which summons was issued in Delaware Court of Common Pleas ( Exhibit "A"). Defendants, after they were served with the Writ, filed a Praecipe for Rule to File Complaint and defendants' Entry of Appearance  (Exhibit "B").  Plaintiff then filed and served a Complaint on or about December 30, 2003, a copy of which is attached hereto as Exhibit "C".

3.    This notice of removal is timely filed within thirty days of the date of service of

the complaint in which a federal question is raised.  28 U.S.C. § 1446(b).

4.      Plaintiff's complaint alleges a civil rights violation pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.  Plaintiff also asserts State claims.

5.      This Court has original jurisdiction over claims arising under federal statutory and constitutional law. 28 U.S. C. 21 1331.

6.      Copies of this Notice of Removal will be duly filed with the Prothonotary of the Court of Common Pleas of Delaware County, Pennsylvania, and served upon plaintiff.

7.      Defendants do not waive any defenses by this removal, including immunities afforded by the Eleventh Amendment and state law.

WHEREFORE, defendants request that the above action pending against them in the Court of Common Pleas of Delaware County, Pennsylvania, be removed to this Court.

GERALD J. PAPPERT
ACTING ATTORNEY GENERAL

BY: _____
Theodore E. Lorenz
Deputy Attorney General
Identification No. 67795

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Telephone: (215) 560-2982

EXHIBIT

A

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

Frank J. Dostellio, Sr., :
                        :
            Plaintiff.   :
                        :
                        :                    No. 03-10991
                        :
    -vs-                 :
Pennsylvania Game Commission, :
Daniel Neary,           :
Darren J. David -and    :
William P. Cosenza, III, :
            Defendants   :

## PRAECIPE FOR WRIT OF SUMMONS

TO THE OFFICE OF JUDICIAL SUPPORT:

Issue summons in civil action in the above case and forward to
[x] Sheriff or [ ] Attorney.

_____
Signature of Attorney / Pro Se

**LAW OFFICES OF**
**SIDNEY L. GOLD & ASSOCIATES, P.C.**
SUITE 515, ELEVEN PENN CENTER
1835 MARKET STREET
PHILADELPHIA, PA 19103
Atty. for Plaintiff

Name    Sidney L. Gold, Esq

← Address    Sidney L. Gold & Assoc., P.C.

Telephone   (215) 569-1999

Attorney / Pro Se    Sidney L. Gold, Esq.
                     Attorney for Plaintiff

Date: 10-23-03        Attorney Supreme Court ID Number   21374

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

To: ALL DEFENDANTS:

To: Pennsylvania Game Comm., Daniel Neary, Darren J. David and William P. Cosenza, II

YOU ARE NOTIFIED THAT THE ABOVE-NAME PLAINTIFF (S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.

Deborah L. Gaston, Director
Office of Judicial Support

Date: 10·24·03

By: _____

Attested eo die a true and
correct copy of the original

# CIVIL COVER SHEET AND ENTRY OF APPEARANCE

## Delaware County Court of Common Pleas

1. Case Caption:

    Frank J. Dostellio, Sr., vs.

    Pennsylvania Game Commission,
    Daniel Neary,
    Darren J. David, and
    William P. Cosenza, III

| Court Term & No. |
| --- |
| 03-10991 |

_____ xx Jury
_____ Non Jury
_____ Arbitration
     ($0-$50,000)

2a. Plaintiff(s)
   *(Name and address)*

    See attached sheet

2b. Defendant(s)
   *(Name and address)*

    See attached sheet

3a. Related Cases? ___ Yes _x_ No
   *If yes, show Caption and Case Numbers*

RECEIVED
Office of Attorney General

NOV 2 5 2003

Torts Litigation

3b. Case Subject to Coordination Order? ___ Yes _x_ No
   *If yes, show Caption and Date of Order*

4. Entry of Appearance

   To the Office of Judicial Support:
      Kindly enter my appearance on behalf of ___Plaintiff, Frank J. Dostellio, Sr.___, (a) plaintiff in this
   action. Papers may be served at the address set forth below.

   Sidney L. Gold, Esquire
   _____
   Attorney for party named above *(Please print)*

   21374
   _____
   Attorney I.D. Number

Address: Sidney L. Gold & Assoc., P.C.
   1835 Market St., Suite 515
   Phila., PA 19103

   Telephone: ( 215 ) 569-1999  Fax: ( 215 ) 569-3870

   E-mail: _____

   _____
   Attorney Signature

   Sidney L. Gold, Esquire

   10-23-03
   _____
   Date

**Reverse side must be completed**

*Choose only the one description which best reflects the principal type of case or relief sought from the list.*

## Case Description

**APPEAL**

**Minor Court**
- Money Judgment ____
- Landlord and Tenant ____
- Code Enforcement ____
- Personal Injury ____
- Breach of Contract ____
- Other _____ ____

**Local Agency**
- Civil Service ____
- Motor Vehicle ____
- Licenses and Inspections ____
- Liquor Control Board ____
- Tax Assessment Boards ____
- Zoning Board ____
- Other _____ ____

**Proceedings Commenced by Petition**
- Appointment of Arbitrators ____
- Change of Name ____
- Compel Medical Examination ____
- Election Matters ____
- Eminent Domain ____
- Leave to Issue Subpoena ____
- Mental Health Proceedings ____
- Other _____ ____

**CIVIL ACTIONS COMMENCED BY
WRIT OF SUMMONS OR COMPLAINT**

- Abuse of Process ____
- Action for Wrongful Death ____
- Class Action ____
- Confession of Judgment/Money ____
- Confession of Judgment/
  - Real Property ____
- Contract ____
  - Construction ____
  - Insurance/Bad Faith ____
  - Negotiable Instruments ____
  - Other _____ ____

Intentional Tort
- ____
- Assault and Battery ____
- Libel and Slander ____
- Defamation ____
- Employment/Wrongful Discharge
- False Imprisonment X
- Fraud ____
- Malicious Prosecution ____

Negligence
- Motor Vehicle
- Real Property ____
- Premises Liability ____
- Product Liability ____
- Toxic Tort ____
  - Asbestos ____
  - DES ____
  - Implant ____
- Toxic Waste ____
- Other _____ ____

Professional Malpractice
- Dental ____
- Legal ____
- Medical ____
- Other _____ ____

Equity
- Real Property ____
- Stockholders Derivative Action ____
- Waste Prevention ____
- Other _____ ____

Declaratory Judgment ____
Ground Rent ____
Mandamus ____

Real Property
- Ejectment ____
- Quiet Title ____
- Mortgage Foreclosure ____
- Mechanics Lien ____
- Partition ____
- Prevent Waste ____

Replevin ____
Saving Action Um/Uim ____
Quo Warranto ____
Other _____ ____

EXHIBIT
B
PENGAD-Bayonne, N. J.

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
Torts Litigation Section
By:   JOHN P. CAPUZZI                          ATTORNEY FOR:   COMMONWEALTH
      SENIOR DEPUTY ATTORNEY GENERAL                          PARTY
      Identification No.  54127
2490 Blvd. of the Generals
Norristown, PA  19403
(610) 631-5980

| | | |
|---|---|---|
| FRANK J. DOSTELLIO, Sr. | : | COURT OF COMMON PLEAS |
| | : | OF DELAWARE COUNTY |
| v. | : | |
| PENNSYLVANIA GAME COMMISSION | : | NO.   03-10991 |
| And | : | |
| DANIEL NEARY, | : | |
| And | : | |
| DARREN J. DAVID | : | |
| And | : | |
| WILLIAM P. COSENZA, III | : | |

### PRAECIPE FOR RULE TO FILE COMPLAINT

TO THE OFFICE OF JUDICIAL SUPPORT:

Kindly enter a Rule upon the Plaintiff to file a Complaint
Within twenty (20) days after service of the Rule, or suffer Entry
Of Judgment of *NON PROS SEC.REG.*

D. MICHAEL FISHER
Attorney General

By: _____
JOHN P. CAPUZZI
Sr. Deputy Attorney General

TO THE PLAINTIFF:

You are rule to file a Complaint within twenty (20) days after
Service hereof, or suffer the Entry of Judgment of *NON PROS.*

___12/12/03___
Date

Patricia Bullman
Prothonotary

```
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
Torts Litigation Section
By:  JOHN P. CAPUZZI                    ATTORNEY FOR:   COMMONWEALTH
     SENIOR DEPUTY ATTORNEY GENERAL                    PARTY
     Identification No.  54127
2490 Blvd. of the Generals
Norristown, PA  19403
(610) 631-5980
```

| | | |
|---|---|---|
| FRANK J. DOSTELLIO, Sr. | : | COURT OF COMMON PLEAS |
| | : | OF DELAWARE COUNTY |
| v. | : | |
| PENNSYLVANIA GAME COMMISSION | : | NO.   03-10991 |
| And | : | |
| DANIEL NEARY, | : | |
| And | : | |
| DARREN J. DAVID | : | |
| And | : | |
| WILLIAM P. COSENZA, III | : | |

## AFFIDAVIT OF SERVICE

TO THE OFFICE OF JUDICIAL SUPPORT:

    I, John P. Capuzzi, Senior Deputy Attorney General, do hereby certify that a true and correct copy of the time-stamped Praecipe for Rule to File Complaint was sent by Certified Mail, Return Receipt Requested on December 26, 2003 to:

Sidney L. Gold, Esquire
Sidney L. Gold & Associates, P.C.
1835 Market Street
Ste. 515
Philadelphia, PA  19103

GERALD J. PAPPERT
Acting Attorney General

Dated: December 26, 2003      By:_____
                                 JOHN P. CAPUZZI
                                 Sr. Deputy Attorney General

DEC 1 5 2003

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
Torts Litigation Section
By: JOHN P. CAPUZZI
      SENIOR DEPUTY ATTORNEY GENERAL
      Identification No.  54127
2490 Blvd. of the Generals
Norristown, PA  19403
(610) 631-5980

Office of Attorney General

ATTORNEY FOR:   COMMONWEALTH
                PARTY

| | | |
|---|---|---|
| FRANK J. DOSTELLIO, Sr. | : | COURT OF COMMON PLEAS |
| | : | OF DELAWARE COUNTY |
| v. | : | |
| PENNSYLVANIA GAME COMMISSION | : | NO.  03-10991 |
|    And | : | |
| DANIEL NEARY, | : | |
|    And | : | |
| DARREN J. DAVID | : | |
|    And | : | |
| WILLIAM P. COSENZA, III | : | |

## ENTRY OF APPEARANCE

TO THE OFFICE OF JUDICIAL SUPPORT:

Kindly enter my appearance in the above-captioned case, on Behalf of the Pennsylvania State Game Commission, Daniel Neary, Darren J. David, and William P. Cosenza, III.

Thank you.

D. MICHAEL FISHER
Attorney General

Dated:  December 11, 2003

By: _____
    JOHN P. CAPUZZI
    Sr. Deputy Attorney General



SIDNEY L. GOLD & ASSOCIATES, P.C.
SIDNEY L. GOLD, ESQUIRE
Identification No.: 21374
1835 Market Street - Suite 515
Philadelphia, PA 19103
(215) 569-1999

THIS IS AN ARBITRATION MATTER
JURY TRIAL IS NOT DEMANDED

Attorney for Plaintiff

RECEIVED

DEC 3 0 2003

Office of Attorney General



FRANK J. DOSTELLIO, SR.,
1420 Summit Street
Linwood, Pennsylvania

       *Plaintiff,*

    vs.

PENNSYLVANIA GAME COMMISSION
2001 Elmerton Avenue
Harrisburg, Pennsylvania

     -and-

DANIEL NEARY
2001 Elmerton Avenue
Harrisburg, Pennsylvania

     -and-

DARREN J. DAVID,
2001 Elmerton Avenue
Harrisburg, Pennsylvania

     -and-

WILLIAM P. COSENZA, III,
2001 Elmerton Avenue
Harrisburg, Pennsylvania

     *Defendants*.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
DELAWARE COUNTY


NO.: 03-10991

**Notice to Defend**

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. See avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u> | ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telefono: 215-238-1701 |

LAWYER REFERENCE SERVICE
FRONT AND LEMON STREETS
MEDIA, PA 19063
(215) 566-6625

**SIDNEY L. GOLD & ASSOCIATES, P.C.**
**SIDNEY L. GOLD, ESQUIRE**                    **THIS IS AN ARBITRATION MATTER**
**Identification No.: 21374**                    **JURY TRIAL IS NOT DEMANDED**
**1835 Market Street - Suite 515**
**Philadelphia, PA 19103**
**(215) 569-1999**                               **Attorney for Plaintiff**

FRANK J. DOSTELLIO, SR.,                     :    **COURT OF COMMON PLEAS**
1420 Summit Street                           :    **DELAWARE COUNTY**
Linwood, Pennsylvania                        :
    *Plaintiff*,         :
           :
    vs.                  :    **NO.: 03-10991**
           :
PENNSYLVANIA GAME COMMISSION                 :
2001 Elmerton Avenue                         :
Harrisburg, Pennsylvania                     :
           :
    -and-                :
           :
DANIEL NEARY                                 :
2001 Elmerton Avenue                         :
Harrisburg, Pennsylvania                     :
           :
    -and-                :
           :
DARREN J. DAVID,                             :
2001 Elmerton Avenue                         :
Harrisburg, Pennsylvania                     :
           :
    -and-                :
           :
WILLIAM P. COSENZA, III,                     :
2001 Elmerton Avenue                         :
Harrisburg, Pennsylvania                     :
           :
    *Defendants*.        :

<u>**CIVIL ACTION COMPLAINT**</u>
(Civil Rights Action under 42 U.S.C. §1983 )
(Assault & Battery)
(False Arrest)

-1-

I.    **PRELIMINARY STATEMENT:**

1.    This is a civil rights action in which the Plaintiff, Frank Dostellio, is seeking monetary damages, declaratory and injunctive relief, attorneys' fees and other relief based upon causes of action arising under 42 U.S.C. §1983 ("§ 1983"). In particular, Plaintiff, Frank Dostellio, is seeking redress for deprivations of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.  The said deprivations were committed by the Defendants under color of state law and resulted in the unlawful arrest of the Plaintiff, Frank Dostellio.

2.    In addition to his federal claims arising under §1983, Plaintiff, Frank Dostellio, brings this action for deprivation of his civil and constitutional rights under the Constitution of the Commonwealth of Pennsylvania.

3.    In addition to the federal claims asserted herein, Plaintiff, is seeking monetary damages and other relief based upon causes of actions arising under the state common law claims for, false arrest and assault and battery.

II.    **PARTIES:**

4.    Plaintiff, Frank Dostellio, is an adult individual and citizen of the Commonwealth of Pennsylvania and resides therein at 1420 Summit Street, Linwood, Pennsylvania 19061.

5.    Defendant, Pennsylvania Game Commission ("Game Commission"), is a state agency, duly organized and existing, founded and chartered, under the laws of the Commonwealth of Pennsylvania.  At all times relevant hereto, Defendant Game Commission maintained its offices at 2001 Elmerton Avenue, Harrisburg, Pennsylvania. 17110-4250.

-2-

6.    Defendant, Daniel Nearey, ("Nearey") is an adult individual and citizen of the Commonwealth of Pennsylvania and resides therein at an unknown address. At all times relevant hereto, Nearey was a Deputy WCO with the Pennsylvania Game Commission.

7.    Defendant, Darren David, ("David") is an adult individual and citizen of the Commonwealth of Pennsylvania and resides therein at an unknown address. At all times relevant hereto, David was a Deputy WCO with the Pennsylvania Game Commission.

8.    Defendant, William Cosenza, ("Cosenza") is an adult individual and citizen of the Commonwealth of Pennsylvania and resides therein at an unknown address. At all times relevant hereto, Cosenza was a Deputy WCO with the Pennsylvania Game Commission.

9.    At all times material hereto, the Defendants acted under the color of state law, in that they acted within the bounds or limits of their official authority and/or beyond the bounds of their official authority but while they were purporting or pretending to perform their official responsibilities.

10.    At all times material hereto, Defendants were "persons" within the meaning of §1983, and as such, are liable to the Plaintiff.

## IV.    FACTS GIVING RISE TO CLAIMS

11.    On or about August 31, 2001, a charge and summons was filed by the Defendants against Plaintiff, Frank Dostellio for violation of 34 §2328 §§A Transport / Ship Big Game without proper tags.

12.    The charges listed against Dostellio on the  Pennsylvania Game Commission's citation charges Plaintiff specifically with "unlawfully transporting parts of a big game (deer)carcass without, upon request of a law enforcement officer, furnishing the name, address

-3-

and license number of the person killing the deer, or any other information to establish legal possession" on February 2, 2001.

13.    Defendants David, Nearey, and Cosenza, never served Dostellio with said charge and summons, never sent the summons by certified mail, return receipt requested, in fact, Defendants never notified Dostellio in any manner of this summons, thereby, leaving Dostello without any knowledge whatsoever of said charges against him.

14.    Despite never serving Dostellio with said summons, on November 9, 2001, without probable cause and in violation of Dostelio's Constitutional rights, Defendants David, Nearey and Cosenza appeared at Dostellio's residence, secured entrance into his home, unlawfully and with excessive force, while Dostellio was asleep, unlawfully arrested Dostellio, forced handcuffs tightly on Dostellio's wrists, cutting off Dostellio's circulation and unlawfully transported him to the police barracks.

15.    Thereafter, as a result of the aforesaid unlawful actions by the Defendants, Dostellio was transported and treated at the Emergency Ward at Riddle Memorial Hospital where he received medical treatment for the injuries sustained as a result of the unlawful actions of the Defendants set forth above.

16.    After leaving the emergency ward, Defendants transported Dostellio to Delaware County Prison where he was detained overnight.

17.    The Pennsylvania Rules of Criminal Procedure, Part E entitled General Procedures in Summary Cases, Rule 451 Service, section (B) states "when service of a summons has been made by first class mail and the defendant fails to respond or appear within the time

-4-

specified by these rules, the issuing authority shall cause service to be made upon the defendant personally or by certified mail, return receipt requested."

18. Furthermore, Rule 430 entitled "Issuance of Arrest Warrant" states, "A warrant for the arrest of the Defendant shall be issued when: (1) the defendant fails to respond to a citation or summons that was served upon the defendant personally or by certified mail return receipt requested";

19. Dostellio was neither served with a citation or a summons in violation of the Pennsylvania Rules of Criminal Procedure cited above, therefore, the arrest warrant and ensuing arrest and detention of Dostellio was unlawful, without probable cause and in violation of Dostellio's rights under the Constitution of the Unites States and of the Commonwealth of Pennsylvania.

20. Said unlawful arrest caused Dostellio to miss a job at work, causing him to in effect, to miss three weeks of work.

**COUNT ONE**
*Civil Rights Violation Under 42 U.S.C. §1983*
**PLAINTIFF v. ALL DEFENDANTS**

21. Paragraphs 1 through 20 above are incorporated by reference herein.

22. The Plaintiff was arrested unlawfully, without first receiving a summons in violation of his constitutional rights under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania and Rules 412, 451, & 430 of the Pennsylvania Rules of Criminal Procedure.

23. The Plaintiff's stop, detention and investigation was without probable cause and

-5-

in violation of the Plaintiff's rights under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

24.    The Plaintiff was charged with transporting/ shipping big game without a proper tag and resisting arrest, without probable cause, in violation of the Plaintiff;'s rights under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania. The defendants had actual or constructive notice of the pervasive constitutional violations perpetrated by the defendants upon the plaintiff.

25.    The defendants' actions constitute a willful and knowing violation and deprivation of rights secured by the Constitution of the United States in violation of 42 U.S.C. Section 1983, specifically, the right to be free from excessive and unreasonable police action; the deprivation of liberty without due process of law; the right to be secure against unreasonable searches and seizures; and the right to equal protection of the law.

26.    The acts of the defendants in violation of the United States Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 U.S.C. Section 1983; and the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in this complaint.

WHEREFORE, Dostellio demands judgment against Defendants in an amount not in excess of $50,000 in compensatory damages and in an amount not in excess of $50,000 in punitive damages together with costs, interest and attorneys' fees.

-6-

**COUNT TWO**
*Pennsylvania Constitution Claim*
<u>PLAINTIFF v. ALL DEFENDANTS</u>

27.    Paragraphs 1 through 26 above are incorporated by reference herein.

28.    By reason of the foregoing acts, conduct and decisions of Defendants, Plaintiff, Frank Dostellio's rights, including his rights to due process, the right to be free from excessive and unreasonable police action;  the right to be secure against unreasonable searches and seizures; and the right to equal protection of the law as protected by the Constitution of the Commonwealth of Pennsylvania wee violated.

29.    As a proximate result of Defendants' violations of Plaintiff, Frank Dostellio's rights under the Pennsylvania Constitution, Plaintiff has suffered, does suffer damages, for which Plaintiff is entitled to be compensated in damages.

30.    As a further proximate result of Defendants' violations of Plaintiff, Frank Dostellio's  rights under the Pennsylvania Constitution, Plaintiff has suffered, does suffer, and will in the future suffer mental anguish, loss of self-esteem, emotional distress, embarrassment, humiliation, personal indignity and loss of life's pleasures, for which Plaintiff, is entitled to be compensated in damages.

31.    As a further proximate result of Defendants' violations of Plaintiff, Frank Dostellio's rights under the Pennsylvania Constitution, Plaintiff has suffered, still suffers and will by Defendants of Plaintiff, Frank Dostellio's rights under the Pennsylvania Constitution were done and committed with malice and/or evil motive and/or reckless disregard and/or with callous indifference to the rights of Plaintiff thereby entitling Plaintiff,  to an award of punitive or exemplary damages against the individual Defendants.

-7-

**WHEREFORE**, Dostellio demands judgment against Defendants in an amount not in excess of $50,000 in compensatory damages and in an amount not in excess of $50,000 in punitive damages together with costs, interest and attorneys' fees.

**COUNT THREE**
*False Arrest*
**PLAINTIFF v. ALL DEFENDANTS**

32.    Paragraphs 1 through 31 above are incorporated by reference herein.

33.    The Defendants intended to restrict the Plaintiff's freedom of movement. The plaintiff's freedom of movement was directly restricted by the acts of the defendants by illegally stopping, detaining and investigating the Plaintiff without reasonable suspicion or probable cause and without serving the Plaintiff with a summons by certified mail.

34.    The Plaintiff was aware that his freedom of movement was restricted and suffered great humiliation, injury to reputation, emotional injuries, and damages as a result of being falsely arrested and detained.

35.    The Defendants have caused damages to the Plaintiff by their false arrest and detention of the Plaintiff and Plaintiff is entitled to recover against the Defendants for injuries, damages and losses proximately caused by their false arrest as set forth in this Complaint

**WHEREFORE**, Dostellio demands judgment against Defendants in an amount not in excess of $50,000 in compensatory damages and in an amount not in excess of $50,000 in punitive damages together with costs, interest and attorneys' fees.

-8-

**COUNT FOUR**
*Assault and Battery*
<u>Plaintiff v. Defendants David, Nearey, and Cosenza</u>

36.    Plaintiff incorporates by reference paragraphs 1 through 35 inclusive contained in the foregoing Complaint as though fully set forth herein.

37.    By engaging in the aforesaid conduct towards the Plaintiff, Defendants David, Nearey, and Cosenza committed assault and battery upon his person.

38.    As a direct result of the intentional and reckless offensive conduct involving the Plaintiff's body by the Defendants, as aforesaid, Plaintiff has suffered severe emotional distress, humiliation, loss of self-esteem, pain and suffering, plus interest due thereon.

**WHEREFORE**, Dostellio demands judgment against Defendants in an amount not in excess of $50,000 in compensatory damages and in an amount not in excess of $50,000 in punitive damages together with costs, interest and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that this Honorable Court enter appropriate orders and decrees:

　i.    declaring that Defendants violated Plaintiff's rights under the United States Constitution and the Pennsylvania Constitution;

　ii.    awarding Plaintiff monetary damages to compensate for the violations by Defendants of their rights under the United States Constitution and the Pennsylvania Constitution;

　iii.    Awarding Plaintiffs monetary damages to compensate each Plaintiff for defamation of character;

　iv.    awarding Plaintiff punitive and/or exemplary damages against the

-9-

individual Defendants; and

v.   granting Plaintiff, whatever other and further relief that is just and appropriate under the circumstances.


SIDNEY L. GOLD& ASSOCIATES, P.C.


SIDNEY L. GOLD, ESQUIRE
Suite 515
1835 Market Street
Philadelphia, PA 19103
(215) 569-1999
Attorney for Plaintiffs

-10-

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 12/03/03

_Frank Datello_
**MR. FRANK DOSTELLIO**

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of a **Civil Action**

**Complaint** to be served by United States Mail, First Class Service, properly addressed and

postage prepaid, upon the following:

John P. Capuzzi, Esquire
Sr. Deputy Attorney General
Commonwealth of Pennsylvania
Office of Attorney General
Torts Litigation Section
2490 Blvd. Of the Generals
Norristown, PA 19403
Attorney for Defendant

—————————————————
SIDNEY L. GOLD, ESQUIRE
Attorney for Plaintiff

DATE:  12-29-03

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
EASTERN REGIONAL OFFICE
BY:    Theodore E. Lorenz
       Deputy Attorney General
       Identification No. 67795
21 S. 12th Street, 3rd Floor                      Attorney for Commonwealth Defendants:
Philadelphia, PA 19107-3603                       PA Game Commission, Daniel Neary,
Telephone: (215) 560-2982                         Darren J. David and William P. Cosenza, III

---

| FRANK J. DOSTELLIO, SR. | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF DELAWARE COUNTY |
| | : | |
| v. | : | |
| | : | |
| PA GAME COMMISSION, DANIEL NEARY, | : | |
| DARREN J. DAVID and WILLIAM P. COSENZA, III | : | No. 03-10991 |
| Defendants | | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Sidney L. Gold, Esquire              Office of Judicial Support
       1835 Market Street, Suite 515        Delaware County Court of Common Pleas
       Philadelphia, PA 19103               201 West Front Street, Room 124
       Attorney for Plaintiff               Media, PA 19063

PLEASE TAKE NOTICE pursuant to 28 U.S.C. § 1446 (d) that on January        , 2004, the

defendants filed a Notice of Removal of the above-captioned action in the United States District Court

for the Eastern District of Pennsylvania, at Civil Action No. _____.    I certify that the attached

copy of the Notice of Removal is a true and correct copy of the Notice of Removal which was filed in

the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania.

                                                  GERALD J. PAPPERT
                                                  ACTING ATTORNEY GENERAL

                                                  BY: _____
                                                      Theodore E. Lorenz
                                                      Deputy Attorney General
                                                      Identification No. 67795

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Frank J. Dostellio, Sr.              :    CIVIL ACTION
      Plaintiff                :
                                    :
           v.                   :
                                      :
PA Game Commission, Daniel Neary, Darren    :
J. David and William P. Cosenza, III    :
      Defendants                :    No.

**CERTIFICATE OF SERVICE**

       I, Theodore E. Lorenz, Deputy Attorney General, do hereby certify that a true and correct copy

of the attached Notice of Removal of Civil Action and Notice of Filing of Notice of Removal was sent

on January  7 , 2004, by first class mail, postage prepaid, to:

      Sidney L. Gold, Esquire          Office of Judicial Support
      1835 Market Street, Suite 515    Delaware County Court of Common Pleas
      Philadelphia, PA 19103           201 West Front Street, Room 124
      Attorney for Plaintiff             Media, PA 19063

                                    GERALD J. PAPPERT
                                    ACTING ATTORNEY GENERAL

BY: _____
                  Theodore E. Lorenz
                  Deputy Attorney General
                  Identification No. 67795

OFFICE OF ATTORNEY GENERAL
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
(215) 560-2982